UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**CARMEN MILAGROS NEGRON
ALICEA, et als.,**
Plaintiffs

**CIVIL NO. 03-1707(DRD)**

v.

**ONDEO DE PUERTO RICO, et als.,**
Defendants

## ORDER ON RECONSIDERATION

Pending before the Court is plaintiffs' motion for reconsideration of this Court's denial of the extension of time hey had requested to file their answer to defendants' motion for summary judgment. (Docket No. 106). Because the Court has in the past granted multiple extensions to the moving party as recounted herein to either plaintiffs themselves and/or their counsel, the motion is **DENIED**.

The procedural background showing plaintiffs' disregard for the Court's orders is briefly explained. On November 20, 2003 an Initial Scheduling Conference was held in the instant case wherein the Court ordered discovery to conclude on April 15th, 2004 and the period for filing of any dispositive motions to expire on May 15, 2004. The Court forewarned the parties at said conference, in clearly labeled bold letters, that no extensions would be granted except for good cause shown. (Docket No. 26). The following day, plaintiffs requested leave to file an amended complaint. (Docket No. 25). The Court granted said request (Docket No. 28), and, subsequently, on April 15, 2004 (the day the discovery period was to expire), co-defendant Ondeo requested leave to file a third party complaint against Hewitt Associates, LLC, and ABC Insurance Company (Docket No. 39).[1] The Court

---

[1] The request was to add a party who was allegedly in charge of providing the COBRA Notice. Recently, plaintiffs have voluntarily withdrawn their COBRA violations claim against Hewitt and, the Court granted the dismissal of those same claims against Ondeo.

ultimately granted Ondeo's request and affirmatively stated that "[a]ll previously scheduled deadlines, including the dispositive motions deadline, are to be enforced." (Docket No. 44). Immediately thereafter – only a little over six hours later – the parties, albeit jointly, moved the Court for an extension of time to conduct discovery (deadline which had elapsed a month earlier) and file dispositive motions provided that AIICO and Hewitt had just been summoned, a new Initial Scheduling Conference had been scheduled for *after* the original ordered deadlines, and they had not had the chance to conduct discovery. (Docket No. 45). On September 20, 2004 – **four months after said request** – a second scheduling conference was held wherein the Court, only after plaintiffs assured the Court that they had finished discovery and were prepared to oppose defendants' motion for summary judgment, **generously reopened** the already extinct by four months dispositive motion period and granted defendants until December 3, 2004 to file dispositive motions as to liability and plaintiff twenty days to oppose. (Docket No. 73). Then, on November 15, 2004, the Court emphasized to all counsel and to plaintiff Carmen Milagros Negron Alicea herself that the aforementioned deadlines were to be strictly enforced. (Docket No. 87).

Not surprisingly, on the eve of the newly opened dispositive motion period's expiration date, plaintiffs' counsel requested to withdraw as their legal representative, and moved the Court to provide plaintiffs with an extension of time to announce new counsel and to oppose dispositive motions do to it being "Christmas time". (Docket No. 74). In the spirit of the holidays, the Court granted plaintiffs' counsel's motion and provided plaintiffs until January 21, 2005 to announce new legal representation and until February 18, 2005 to oppose all pending dispositive motions. This order was also notified directly to plaintiff Carmen Milagros Negron Alicea's address of record. (Docket No. 83). Three days before plaintiffs' deadline to announce new legal representation was to elapse, plaintiffs requested yet another extension of thirty days to obtain legal representation and another thirty days to oppose

defendants' dispositive motions. They alleged that they had yet to receive the Court's service by mail of the previous order imposing new deadlines. Plaintiffs also explained that "on this Island, the last two weeks of December and the first two weeks of January are a waste of twenty (20) days of working time." (Docket No. 86). The Court, **again**, granted plaintiffs' request and allowed plaintiffs additional time to announce new legal representation and to oppose dispositive motions – February 28, 2005, and March 30, 2005, respectively. This order was also notified directly to plaintiff Carmen Milagros Negron Alicea's address of record. (Docket No. 88).

Notwithstanding the Court having already extended plaintiffs' deadline to oppose defendants' dispositive motions **three times**, on March 1st, 2005, plaintiffs' new legal counsel moved the Court for a **forty (40) day** extension of time (the Court was not sure whether said forty days were to begin after the March 30th deadline or the day after the filing of their request) to file oppositions to summary judgment motions. In this further extension request, new legal counsel averred not having had any time to review her clients' file in order to adequately oppose the pending dispositive motions even though the deadline was still twenty nine days from expiring. (Docket No. 89). Through an order dated March 8, 2005, the Court extraordinarily granted, **FOR A FOURTH TIME**:

> ORDER. Plaintiffs' motion for extension of time to file a reply to defendants' requests for summary judgment (Docket No. 89) is GRANTED. Plaintiffs shall file their reply ON OR BEFORE MONDAY, APRIL 11, 2005. NO MORE EXTENSIONS WILL BE GRANTED REGARDING THIS MATTER.

(Docket No. 91). The self imposed deadline came and went and plaintiffs failed to file their opposition to the pending summary judgment motions or even requested a fifth extension of time. Accordingly, on April 13, 2005, Ondeo filed a request to deem the statement of uncontested facts as unopposed due to plaintiffs' failure to comply with the fourth order to oppose their motion. (Docket No. 92).

Instead of filing their opposition and in quite an untimely fashion, plaintiffs proceeded to file

an *Informative Motion with Regards to Defendant Ondeo de Puerto Rico, Inc.'s Motion Requesting Order* wherein plaintiff counsel affirmed that "[i]t was not until today, when notice of the motion filed by the defendant Ondeo was received, that plaintiff counsel received notice that this Honorable Court had granted the motion presented on March 1st, 2005, and allowed the filing of plaintiffs' opposition until April 11, 2005. This Order was not notified to plaintiffs' counsel. By error, Plaintiffs' counsel reasonably believed that she had until April 18, 2005 to oppose the motions for summary judgment." Counsel, thus, requested a **FIFTH** extension of time until April 18, 2005. (Docket No. 93). The Court notes that forty days (as requested by plaintiffs on March 1st, 2005) from March 1st, 200 is unquestionably April 11, 2005 and not April 18, 2005. Moreover, the order in question was also notified directly to plaintiff, reasonably, then, counsel should have known about this Court's decision. Plaintiffs, even though knowing that the time provided for their opposition to be filed had elapsed, then proceeded to request **yet another extension of time – THE SIXTH REQUEST –** of one more day (until April 19, 2005) to file their opposition due to problems scanning the attachments to the opposition, "matters outside of plaintiff's counsel legal expertise." (Docket No. 94). Finally, **on April 20, 2005 – again outside of their self-imposed deadline –** plaintiffs filed an informative motion wherein they explained to the Court that they were unable to finalize documents in PDF format due to scanner and network problems on April 19, 2005 and requested the Court to admit the filings therein included. In essence, a **seventh** extension of time. (Docket No. 95).

The Court, extenuated from plaintiffs' incessant dillydallying with the Court and defendants' time, thus, delaying the proceedings herein for over a year, granted defendants' request to deem the statement of uncontested facts as unopposed (Docket No. 102) and issued the following order:

> ORDER. Plaintiffs' untimely motions requesting extensions of time to file their opposition to defendants' motions for summary judgment (Docket Nos. 93, 94, and 95) are DENIED. After the Court having already extended plaintiffs' deadline to file

> opposition to summary judgment on two separate occasions, a third and final extension
> was granted on March 3, 2005 providing plaintiffs with a new deadline of April 11,
> 2005 and warning them that said extension would be the last one granted. Plaintiffs,
> not only requested additional extensions of time, but did so in an untimely fashion.
> Accordingly, having plaintiffs failed to comply with Local Rule 7.1, the Court, once
> again, notes that defendants' motions for summary judgment are deemed unopposed.

(Docket No. 103). Now pending before the Court is plaintiffs' *Motion to Reconsider*. (Docket No. 106). Through said motion, plaintiffs rehashed that averred in their previous motions requesting the plethora of extensions of time and went as far as to argue that "[t]his is the first time that the undersigned counsel has filed an extension of time outside the time period requested to do so" when her requests at Docket Nos. 93, 94, and 95 were clearly outside the time period allowed provided this Court's order at Docket No. 91, which, again, was notified directly to plaintiff. Thereafter, all documents filed with the Court and all orders issued by the Court have been notified to appearing counsel for plaintiff. Accordingly, there is no reason for counsel not having been aware of the deadlines imposed by the Court through its order at Docket No. 91.

"In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation." O'Connell v. Hyatt Hotels of Puerto Rico, 357 F.3d 152 (1st Cir. 2004). It is Rule 16 which provides the Court with devices, like a scheduling order, necessary to manage its docket. *See* Fed.R.Civ.P. 16. Moreover, in order for Rule 16(b) to be effective, the Courts cannot allow litigants to treat scheduling orders "as a frivolous piece of paper idly entered, which can be cavalierly disregarded without peril" as has been abused in the instant case. *See* O'Connell, 357 F.3d at 155. However, under Rule 16(b), a court may extend a deadline on a certified showing of good cause as to why the deadline cannot reasonably be met despite de diligence of the party seeking the extension.

Since the beginning, this case has been plagued with requests for extensions of time regarding

almost every single ordered deadline by this Court even when this Court gratuitously reopened discovery and dispositive motions phases of the proceedings. In the spirit of fairness, the Court has been more than patient and charitable – particularly with plaintiffs – in consistently extending deadlines. The court also emphasizes that it has been more than clear in innumerable occasions expressly ordering that no more extensions would be granted unless a certified showing of good cause was proffered. Albeit this quite intelligible forewarning, plaintiffs **INSIST** on requesting extensions of time (and even extensions over their requested extensions) without proffering good cause.

There is no doubt that plaintiffs have been aware of discovery and dispositive motions deadlines since the Initial Scheduling Conference held almost two and a half years a half ago. Moreover, on four different occasions, the Court has acceded to Plaintiffs' multiple requests to extend already set dispositive motions deadlines. Furthermore, plaintiffs have consistently waited until almost the last day of the period this Court has granted to file their requests for an extension of time. Still, plaintiffs have not heeded the warnings of this Court, as expressed in O'Connell, Id, and have failed to comply with the Courts orders.

Plaintiffs in this case were provided clear unambiguous orders which they have continuously failed to follow. "[T]he effective administration of justice requires that trial courts possess the capability to manage their own affairs". Chambers v. NASCO, Inc., 501 U.S. 32, 43, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991), *quoting* Chamorro v. Puerto Rican Cars, Inc., 304 F.3d 1, 4 (1st Cir. 2002). Furthermore, counsel do not run the Court. Thus, parties have an "**unflagging duty to comply with clearly communicated case-management orders**". Diaz v. Gonzalez, 140 F.3d 312, 315 (1st Cir.1998) (*emphasis added*). It is self-evident that "courts cannot function if litigants may, with impunity, disobey lawful orders." Chamorro v. Puerto Rican Cars, Inc., 304 F.3d at 5, HMG Prop. Investors, Inc. v. Parque Indus. Rio Canas, Inc., 847 F.2d 908, 916 (1st Cir. 1988). The Court finds

that plaintiffs have failed to be **reasonably** diligent. The Court does not have the "obligation to play nursemaid to indifferent parties." <u>Pinto v. Universidad de Puerto Rico</u>, 895 F.2d 18, 19 (1st Cir. 1990). Therefore, the Court **DENIES** plaintiffs' motion for reconsideration and **RE-AFFIRMS** its previous holding regarding defendants' respective motions for summary judgment as **unopposed**.[2]

**IT IS SO ORDERED.**

                                                                                               S/ Daniel R. Dominguez
**Date: September 8, 2005**                                    **DANIEL R. DOMINGUEZ**
                                                                                               **U.S. District Judge**

---

[2] The First Circuit Court of Appeals has made clear that failure to timely oppose a motion for summary judgment, does not, in itself, justify entry of summary judgment against the party; therefore, a District Court is nonetheless "obliged to consider the motion on the merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." <u>Kelly v. United States</u>, 924 F.2d 355, 358 (1st Cir. 1991); *see also* <u>Lopez v. Corporacion Azucarera de Puerto Rico</u>, 938 f.2d 1510, 1517 (1st Cir. 1991) (holding that before granting an unopposed summary judgment motion, the court must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law). In the case of failure to oppose a motion for summary judgment, the consequence "is that the party may lose the right to file an opposition." <u>Mullen v. St. Paul Fire & Marine Ins. Co.</u>, 972 F.2d 446, 451-52 (1st Cir. 1991) (discussing unopposed motion for summary judgment). Finally, **a party that fails to oppose a motion for summary judgment, does so at its own risk and peril**. *See e.g.* <u>Corrada Betances v. Sea-Land Services, Inc.</u>, 248 F.3d 40, 43 (1st Cir. 2001); <u>Herbert v. Wicklund</u>, 744 F.2d 218, 233 (1st Cir. 1994). However, notwithstanding that there is no opposition to a summary judgement, the Court must entertain the motion on the merits and may not grant the same as a sanction even for failure to file an opposition. *See* <u>De la Vega v. San Juan Star</u>, 377 F. 3d 111(1st Cir., 2004).